IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | |
| Plaintiff, | § § | |
| | § | CIVIL ACTION NO. |
| v. | § § | |
| PACE SERVICES, L.P., | § § | |
| Defendant. | § | **JURY TRIAL DEMANDED** |

**ORIGINAL COMPLAINT
OF THE
UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

**NATURE OF THE ACTION**

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of national origin, race, color, and religion, and to provide appropriate relief to Mohammad Kaleemuddin ("Kaleemuddin") and others who were adversely affected by such practices. As alleged with greater particularity in paragraphs 9-14, below, Pace Services, L.P. ("Pace"), subjected Kaleemuddin to an unlawfully hostile work environment, based upon his national origin, East Indian, and his religion, Islam, and Pace's firing of Kaleemuddin was motivated by these unlawful bases. Pace also subjected other non-Anglo employees to an unlawful hostile work environment.

**JURISDICTION AND VENUE**

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Sections

1

706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII"), and section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

    2.    The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division.  Venue is appropriate in this court.

## **PARTIES**

    3.    Plaintiff, the Equal Employment Opportunity Commission ("EEOC" or "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

    4.    At all relevant times, Defendant Pace Services, L.P. ("Pace"), has continuously been a Texas corporation doing business in the State of Texas and the City of Cypress, and has continuously had at least fifteen (15) employees.  Pace may be served with process by serving its registered agent, Joey M. Brewer, 5615 N. W. Central Drive, Ste. C111-A, Houston, Texas 77092.

    5.    At all relevant times, Pace has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

**STATEMENT OF CLAIMS**

6.      More than thirty days prior to the institution of this lawsuit, Kaleemuddin filed a charge with the Commission alleging violations of Title VII by Pace.  All conditions precedent to the institution of this lawsuit have been fulfilled.

7.      Since at least June 2006, Pace has engaged in unlawful employment practices at its Cypress, Texas, facility, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a).

8.      Defendant has more than 200 employees.

9.      In June 2006, Kaleemuddin, a Muslim of East Indian origin, began working for Pace as a truck driver.  He worked for Pace until approximately August 2006, then returned to work for Pace in early 2007.  Throughout the course of Kaleemuddin's employment with Pace, the Truck Supervisor, Mark Miller, repeatedly referred to Kaleemuddin as "Terrorist," "Taliban," "Osama," and "Al Qaeda."  After Miller began making these disparaging remarks, several other employees referred to Kaleemuddin by these names as well.

10.     Kaleemuddin spoke with Miller and asked Miller to stop calling him derogatory names.  The remarks continued unabated throughout the remainder of Kaleemuddin's employment with Pace.  Kaleemuddin reported these comments to Pace's human resources staff.  No action was taken.

11.     On February 21, 2007, Miller terminated Kaleemuddin's employment. Miller called another Pace employee, Donald McCulley, and asked McCulley to "come snatch this motherfucker by the head and get this sand nigger out of here."  Miller told Kaleemuddin that he would "whip his ass" if Kaleemuddin did not leave the premises.

12. Pace's firing of Kaleemuddin was motivated by his national origin and religion.

13. Even before Kaleemuddin's complaint to Pace human resources and his discrimination charge filed with the Commission, Pace management had knowledge of allegations that Miller used racial epithets towards subordinates and otherwise subjected them to a hostile environment. One of Pace's very few African-American employees claimed that Miller exposed his genitals to the employee. Another employee has reported that Miller regularly referred to Hispanic employees as "wetbacks" and called African-American employees "niggers."

14. Non-Anglo employees other than Kaleemuddin have been subjected to a hostile work environment, in violation of Title VII.

15. The effect of the practices complained of in paragraphs 9-14, above, has been to deprive Mohammad Kaleemuddin and other Pace employees of equal employment opportunities and otherwise adversely affect their status as employees because of their national origin, religion, color, and race.

16. The unlawful employment practices complained of in paragraphs 9-14 were intentional.

17. The unlawful employment practices complained of in paragraphs 9-14 were done with malice or reckless indifference to the federally protected rights of Mohammad Kaleemuddin and other non-Anglo Pace employees.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

    A.    Grant a permanent injunction enjoining Pace, its officers, successors, assigns and all persons in active concert or participation with it, from maintaining a hostile work environment based on religion, race, national origin and color, and from engaging in any other employment practice which discriminates on the basis of national origin, race, color, or religion.

    B.    Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunity for Muslims, East Indians, Hispanics, and African-Americans, and which eradicate the effects of its past and present unlawful employment practices.

    C.    Order Defendant to make whole Mohammad Kaleemuddin by providing appropriate backpay with prejudgment interest, in amounts to be proved at trial, for lost wages resulting from the discrimination, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement, or alternatively front pay.

    D.    Order Defendant to make whole Mohammad Kaleemuddin and other non-Anglo employees and former employees by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

    E.    Order Defendant to make whole Mohammad Kaleemuddin and other non-Anglo employees and former employees by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described in paragraphs 9-14 above, including emotional pain, inconvenience, and humiliation, in amounts to be determined at trial.

F. Order Pace to pay Mohammad Kaleemuddin and other non-Anglo employees and former employees punitive damages for its malicious and reckless conduct described in paragraphs 9-14 above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

RONALD S. COOPER
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
1801 L. Street, N.W.
Washington, D.C. 20507

  /s/ Timothy M. Bowne
Timothy M. Bowne
Senior Trial Attorney
Attorney-in-Charge
Texas Bar No. 00793371
S.D. Tex. No. 20023
Equal Employment Opportunity
        Commission

1919 Smith Street, 6th Floor
Houston, Texas 77002
(713) 209-3395
(713) 209-3402 [facsimile]
timothy.bowne@eeoc.gov

OF COUNSEL:

Jim Sacher
Regional Attorney

Rose Adewale-Mendes
Supervisory Trial Attorney
Equal Employment Opportunity Commission
1919 Smith Street, 6th Floor
Houston, Texas 77002
