UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMM., | § | |
|     *Plaintiff* | § | |
| v. | § | CIVIL ACTION H-08-2886 |
| | § | |
| | § | |
| PACE SERVICES L.P., | § | |
|     *Defendants.* | § | |

## ORDER

Before the court is plaintiff Equal Employment Opportunity Commission's motion for partial summary judgment (Dkt. 22) denying defendant Pace Services L.P.'s *Faragher/Ellerth* and failure to mitigate affirmative defenses.    The EEOC's motion is denied.

This employment discrimination suit arises from claims by charging party Mohammed Kaleemuddin and several non-Anglo truck drivers that Pace Services created and maintained an unlawfully hostile work environment.  Kaleemuddin, an East Indian Muslim, alleges that throughout his employment with Pace,  supervisor Mark Miller repeatedly referred to him as "Terrorist," "Taliban," "Osama," "Al Qaeda" and other names insulting his  religion and national origin.  Kaleemuddin claims that he asked Miller to stop calling him offensive names, to no avail.  On February 21, 2007, Miller terminated Kaleemuddin, who  filed his EEOC charge that same day.

On September 29, 2008, the EEOC brought suit on behalf of Kaleemuddin and other non-Anglo employees alleging that Pace required its minority employees to work

1

in racially hostile environment.  (Dkt. 1). On October 5, 2009, Pace filed an amended answer and affirmative defenses.  (Dkt. 21). The EEOC now moves for partial summary judgment on Pace's Fargher/Ellerth and failure to mitigate affirmative defenses alleging that Pace cannot prove essential elements of those defenses and thus as a matter of law Pace should be precluded from presenting these defenses at trial set for April 5, 2010.

## Analysis

A party moving for summary judgment on an opponent's affirmative defense can obtain judgment as a matter of law by disproving an essential element of that defense. *Yturria v. Kerr-McGee Oil & Gas Onshore, LLC*, 291 F. App'x 626, 635 (5th Cir. 2008) (unpublished) (citing *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986)).  The party moving for summary judgment has the  burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir. 2001).  Disputes about a material fact is "genuine" if the evidence could lead a reasonable jury to find for the nonmoving party. *In re Segerstrom*, 247 F.3d 218, 223 (5th Cir. 2001). "An issue is material if its resolution could affect the outcome of the action." *Terrebonne Parish Sch. Bd. v. Columbia Gulf Transmission Co.*, 290 F.3d 303, 310 (5th Cir. 2002).  In determining whether a genuine issue of material fact exists, the court views the evidence and draws inferences in the light most favorable to the nonmoving party. *Id.* at 255.

The *Faragher/Ellerth* affirmative defense is two-pronged.  First, Pace must prove that it "exercised reasonable care to prevent and promptly correct any racially

discriminating behavior." *See Burlington Industries, Inc. v. Ellerth,* 524 U.S. 742 (1998); *Faragher v. City of Boca Raton,* 524 U.S. 775 (1998).  Second, Pace must show that the employees unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise.  *Ellerth*, 524 U.S. at 765.  While the summary judgment record is relatively sparse, it is apparent that fact issues abound on both elements.  Although Pace had a written anti-harassment policy in place during the relevant time, the parties hotly dispute the effectiveness of that policy. Pace offers sworn testimony  that the policy was distributed to all employees; the EEOC disputes that claim, although Kaleemuddin himself admitted receiving the handbook containing that policy. The EEOC also claims  that the policy was ineffective because it was written in English, while a large number of employees were Hispanic.  However, no proof was offered showing how many (if any) of the Hispanic employees were unable to read or write English. On summary judgment, where all inferences must be drawn in favor of the non-movant, it would be impermissible for this court to infer that all or most Hispanic employees could not read the handbook.  The EEOC also urges that Pace's policy was ineffective as a matter of law because many employees complained about Miller's abusive comments over a substantial period of time. But Miller has denied these allegations under oath, so again we have a jury issue.

As for the second prong, Pace has presented evidence that Kaleemuddin did not complain to company president Brewer about Miller's insulting comments until after Kaleemuddin was discharged. EEOC offers evidence of earlier complaints by

Kaleemuddin and another employee (Campos) to Miller, but the adequacy of these efforts is disputed. In any event, this evidence is insufficient to negate the second element of the *Faragher/Ellerth* defense as a matter of law.

Finally, with regard to the mitigation defense, it is true that Kaleemuddin obtained another job a month after his termination by Pace. However, Pace has presented some evidence suggesting the possibility that he could have obtained the job sooner. Although a one month delay is hardly egregious, the court has found no authority (and none has been cited) that a mitigation defense is automatically precluded as a matter of law when a discharged plaintiff is unemployed for only one month.

<u>Conclusion</u>

The EEOC's motion for partial summary judgment is denied.

Signed at Houston, Texas on March 24, 2010.

Stephen Wm Smith
United States Magistrate Judge

4