IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | |
| Plaintiff, | § § § | |
| | § | CIVIL ACTION NO. 4:08cv2886 |
| v. | § § | |
| PACE SERVICES, L.P., | § § | |
| Defendant. | § | JURY TRIAL |

### PLAINTIFF EEOC'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff, the United States Equal Employment Opportunity Commission ("Commission" or "EEOC"), and files this Response to Defendant's Motion in Limine. Plaintiff opposes the following items in limine proposed by Defendant:

**Proposed Limine Item 9**:

1. Plaintiff objects to Defendant's proposed limine item 9, which concerns Philbert Baptiste and his allegations of harassment by Defendant's Truck Supervisor Mark Miller. See Dkt. #30 at p.3. Defendant cites a document listed on its own list of proposed trial exhibits [EEOC 00169], and then makes the contradictory claim that "no documents related to the claims of Baptiste have been produced by the Plaintiff."[1] Id.; cf. Defendant's Trial Exhibit List (Defendant's proposed Exhibit 22). In fact, documents pertaining to Baptiste were produced to defense counsel over a year ago, and several were used as exhibits during the deposition of

---

1 In this litigation, Pace made no Fed. R. Civ. P. 34 requests for production for documents pertaining to Baptiste, or to any other person or subject.

1

Defendant's owner, Mr. Brewer.  <u>See</u> Exhibit 1 [attached].

2. Further, Baptiste was listed on Plaintiff's Initial Disclosures and subsequent amended Disclosures as a person "likely to have knowledge of Mark Miller's harassment and abuse of non-white employees."  <u>See</u> Dkt. #16 at Exhibit 3, pp. 2-3.  His allegations were referenced in Plaintiff's Complaint.  <u>See</u> Dkt. #1 at p.4, para. 13 (stating "One of Pace's very few African-American employees claimed that Miller exposed his genitals to the employee"). Additionally, his allegations were referenced by Pace when it responded to EEOC during the administrative investigation of Mohammad Kaleemuddin's Charge of Discrimination.  <u>See</u> Dkt. #13 at Exhibit 7 (stating "can I send you the EEOC documentation for another investigation with Mark Miller claiming exposing of his genitals to his employee and racial slurs of another kind?").

3. Defendant was permitted to amend its pleadings to allege a Faragher/Ellerth affirmative defense.  <u>See</u> Dkt. #21 at pp. 2-3.  To defend against Pace's affirmative claim that "it exercised reasonable care to prevent and correct promptly any racially or other harassing behavior that is prohibited by law," Plaintiff should be permitted to offer evidence challenging whether Pace indeed "exercised reasonable care to prevent and correct promptly any racially or other harassing behavior."  <u>See id.</u>  For all these reasons, Defendant's proposed item in limine 9 should be denied.

**Proposed Limine Item 10**:

4. Plaintiff objects to Defendant's proposed limine item 10, which concerns race discrimination allegations by a worker whose employment with Pace overlapped Kaleemuddin's, and whose EEOC Charge of Discrimination preceded Kalemuddin's by only a few months.  <u>See</u>

Dkt. #30 at p.3.  Defendant has alleged a Faragher/Ellerth affirmative defense.  Dkt. #21 at pp. 2-3.  To defend against Pace's affirmative claim that "it exercised reasonable care to prevent and correct promptly any racially or other harassing behavior that is prohibited by law," Plaintiff should be permitted to offer evidence challenging whether Pace indeed "exercised reasonable care to prevent and correct promptly any racially or other harassing behavior."

5. In responding to Ms. Scott's allegations, Mr. Brewer feigned indignation, and claimed "Skin color plays no part whatsoever in the way Pace Services, LP decides who to hire or who to retain."  Exhibit 2.  The truth (or falsity) of Mr. Brewer's assertion is a central issue in this case.  To challenge whether Pace indeed "exercised reasonable care to prevent and correct promptly any racially or other harassing behavior," Plaintiff should be permitted to offer evidence of Pace's actions in response to Ms. Scott's allegations.

**Proposed Limine Item 11**:

6. Plaintiff opposes Defendant's proposed limine item 11, which pertains to a memorandum drafted by Pace's Controller to Pace's CFO in response to Mr. Kaleemuddin's Charge of Discrimination.  See Dkt. #13 at Exhibit 7; see also Dkt. #24 at p.5, para. 12.  At the time Ms. Robertson authored this memorandum, she not only was Pace's Controller, but also was Pace's EEO compliance officer.  Dkt. #24 at p.5, para. 12.  Robertson is listed on the parties' trial witness lists, and while she is free to take the witness stand and attempt to explain away the evidence as a "joke," Defendant has provided no authority for the proposition that material evidence of Defendant's discriminatory animus should be excluded merely because Defendant finds the evidence to be embarrassing, and renounces it during litigation.  For all these reasons, Defendant's proposed item in limine 11 should be denied.

**Proposed Limine Item 12**:

7.     Plaintiff opposes Defendant's proposed limine item 12, which pertains to the circumstances in which one of the witnesses listed on Defendant's trial witness list ended her employment with Pace. First, should Defendant call Ms. Abben as a witness at trial, Plaintiff should be permitted to cross-examine her about her employment with Pace. Second, Defendant has asserted that Brewer "was essentially always available in person or by phone so that anyone with a complaint concerning harassment could tell him about it so it could be stopped." Dkt. #23 at pp.4-5. Evidence that an employee who did bring a concern to Brewer's attention may have been assaulted by Brewer is relevant to Defendant's assertion that Brewer "was ready, willing and able to enforce the anti-harassment policy." Id. at p.5.

8.     Further, evidence about Abben's separation from employment with Pace is relevant to the credibility of one of Defendant's principal witnesses, Mr. Brewer. When asked by an interrogatory to state "all reasons Abben's employment with Defendant ended," the answer to which Brewer lent his oath was "Her employment ended by mutual agreement with Dudley Brewer." Exhibit 3 [Defendant's Responses to Second Interrogatories]. Evidence indicating that Abben's employment did not end by "mutual agreement," but rather was the result of Brewer unlawfully restraining or assaulting an employee, is thus relevant to Brewer's truthfulness. See Dkt. #32 at Exhibit 3. For all these reasons, Defendant's proposed item in limine 12 should be denied.

**Proposed Limine Item 13**:

9.     Plaintiff opposes Defendant's proposed limine item 13 in the form in which it is drafted. Plaintiff agrees that inadmissible hearsay should not be admitted. Plaintiff notes,

4

however, that by including on its proposed trial exhibit list statements made or submitted by Mark Miller to EEOC, Defendant is proffering the type of inadmissible hearsay to which limine item 13 seems to relate. See Dkt. #31 at p.2, 4 [discussing Defendant's Exhibits 10 and 22]. To the extent Defendant is seeking to constrain Plaintiff from using evidence that falls within an exception to the hearsay rule (or which is by definition non-hearsay), and because Defendant is proffering inadmissible hearsay in contravention of the limine point it proposes, Defendant's proposed item in limine 13 should be denied.

**Proposed Limine Item 14**:

10.  Plaintiff opposes Defendant's proposed limine item 14 in the form in which it is drafted. The Federal Rules of Evidence permit lay witnesses to provide opinion testimony "rationally based on the perception of the witness [and] helpful to … the determination of a fact in issue." Fed. R. Evid. 701. Witnesses with commercial driver's licenses should be permitted to testify about their understanding of the rules and regulations to which they must adhere in order to keep their licenses. Defendant's proposed item in limine 14 should be denied.

## CONCLUSION

11.  For all the foregoing reasons, Items 9-14 of Defendant's Motion in Limine should be denied.

                Respectfully submitted,


                /s/ Timothy M. Bowne
                Timothy M. Bowne
                Attorney-in-Charge
                Texas Bar No. 00793371
                Southern Dist. of Texas No. 20023
                Equal Employment Opportunity
                    Commission
                1919 Smith Street, 7th Floor
                Houston, Texas 77002
                (713) 209-3395
                (713) 209-3402 [facsimile]


## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of Plaintiff's Response to Defendant's Motion in Limine was filed with the Court's ECF system on April 2, 2010, and through that system should be served on the following:

Dale M. Tingleaf
Attorney at Law
820 Gessner, Suite 1445
Houston, Texas 77024
Tingleaf@aol.com


                /s/ Timothy M. Bowne
                Timothy M. Bowne