IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | |
| Plaintiff, | § § § | |
| | § | CIVIL ACTION NO. 4:08cv2886 |
| v. | § § | |
| PACE SERVICES, L.P., | § § | |
| Defendant. | § | **JURY TRIAL** |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTIONS
TO PLAINTIFF'S EXHIBITS**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

The EEOC hereby responds to Defendant's objections (Dkt. #32):

1.      **Plaintiff's Exhibit 3** is the response of Pace and its owner, Mr. Brewer, to allegations of race discrimination by a worker whose employment with Pace overlapped that of Mohammed Kaleemuddin, and whose EEOC Charge of Discrimination preceded Kalemuddin's by only a few months.  See Dkt. #30 at p.3 and Dkt. #32 at Exhibit 1.  Defendant has alleged a Faragher/Ellerth affirmative defense.  Dkt. #21 at pp. 2-3.  To defend against Pace's affirmative claim that "it exercised reasonable care to prevent and correct promptly any racially or other harassing behavior that is prohibited by law," Plaintiff should be permitted to offer evidence challenging whether Pace indeed "exercised reasonable care to prevent and correct promptly any racially or other harassing behavior."

2.      In responding to Ms. Scott's allegations, Mr. Brewer feigned indignation, and claimed "Skin color plays no part whatsoever in the way Pace Services, LP decides who to hire or who to retain."  Dkt. #32 at Exhibit 1.  The truth (or falsity) of Mr. Brewer's assertion is a

central issue in this case. To challenge whether Pace indeed "exercised reasonable care to prevent and correct promptly any racially or other harassing behavior," Plaintiff should be permitted to offer evidence of Pace's actions in response to Ms. Scott's allegations, which were made contemporaneously with similar allegations by other Pace employees.[1]

3.  **Plaintiff's Exhibit 13** is the Charge of Discrimination filed by Philbert Baptiste two months after Kaleemuddin's charge, but relating to incidents that occurred during the employment of Kaleemuddin and other dump truck drivers for whom EEOC seeks relief in this lawsuit. Baptiste's allegations were referenced in Plaintiff's Complaint. See Dkt. #1 at p.4, para. 13 (stating "One of Pace's very few African-American employees claimed that Miller exposed his genitals to the employee"). Additionally, his allegations were referenced by Pace when it responded to EEOC during the administrative investigation of Mohammad Kaleemuddin's Charge of Discrimination. See Dkt. #13 at Exhibit 7 (stating "can I send you the EEOC documentation for another investigation with Mark Miller claiming exposing of his genitals to his employee and racial slurs of another kind?").

4.  Defendant has pleaded a Faragher/Ellerth affirmative defense. See Dkt. #21 at pp. 2-3. To defend against Pace's affirmative claim that "it exercised reasonable care to prevent and correct promptly any racially or other harassing behavior that is prohibited by law," Plaintiff should be permitted to offer evidence challenging whether Pace indeed "exercised reasonable care to prevent and correct promptly any racially or other harassing behavior." See id. Evidence that a company of approximately 250 employees had four (4) separate Title VII race, national origin, and/or religious discrimination charges filed against it in nine (9) months is probative and

---

[1] "A jury should be permitted to "[c]reat[e] a mosaic with the bits and pieces of available evidence." *Gallagher v. Delaney*, 139 F.3d 338, 342 (2d Cir. 1998).

relevant to whether "racially or other harassing behavior" was being "prevented and corrected," or instead tolerated and condoned.  The facts that Baptiste's charge was subsequently settled, and that monetary recovery for Baptiste will not be sought from the jury, do not lessen the probative value of whether Defendant is meeting the burden of the affirmative defense it has pleaded.  For all these reasons, Defendant's objections should be overruled.

5.    **Plaintiff's Exhibits 14 and 15** establish that Pace had notice of Baptiste's allegations and evidence.  For the reasons stated in the preceding paragraphs, they are relevant and admissible.  Further, Exhibit 15 indicates that even after being served with four (4) separate Title VII race, national origin, and/or religious discrimination charges within nine (9) months, Pace was not taking measures to prevent or correct a hostile work environment, but instead was simply rehashing the same denials it spewed in response to the earlier accusations.  See Fed. R. Evid. 406.  It is therefore relevant to Plaintiff's punitive damages claims, as well as to Pace's affirmative defense.

6.    **Plaintiff's Exhibit 16** is a memorandum drafted by Pace's Controller to Pace's Chief Financial Officer in response to Mr. Kaleemuddin's Charge of Discrimination.  See Dkt. #13 at Exhibit 7; see also Dkt. #24 at p.5, para. 12.  At the time Ms. Robertson authored this memorandum, she not only was Pace's Controller, but also was Pace's EEO compliance officer. Dkt. #24 at p.5, para. 12.  Defendant has provided no authority for the proposition that material evidence of Defendant's discriminatory animus should be excluded merely because Defendant finds the evidence to be "boorish" and embarrassing.  This highly probative evidence indicates that even after four (4) separate Title VII race, national origin, and/or religious discrimination charges were filed against Pace in nine (9) months, Pace's salaried managers still viewed allegations of hostile work environment and other discrimination as a "joke."  It is not unfairly

prejudicial, and should be admitted.  See Fed. R. Evid. 403.

7. **Plaintiff's Exhibits 17 and 18** pertain to the circumstances in which one of the witnesses listed on Defendant's trial witness list ended her employment with Pace.  Defendant has asserted that its owner, Brewer, "was essentially always available in person or by phone so that anyone with a complaint concerning harassment could tell him about it so it could be stopped."  Dkt. #23 at pp.4-5.  Evidence that an employee who did bring a concern to Brewer's attention may have been assaulted by Brewer is relevant to Defendant's assertion that Brewer "was ready, willing and able to enforce the anti-harassment policy."  Id. at p.5.

8. Further, evidence about Abben's separation from employment with Pace is relevant to the credibility of one of Defendant's principal witnesses, Mr. Brewer.  When asked by an interrogatory to state "all reasons Abben's employment with Defendant ended," the answer to which Brewer lent his oath was "Her employment ended by mutual agreement with Dudley Brewer."  Dkt. #33 at Exhibit 3 [Defendant's Responses to Second Interrogatories].  Evidence indicating that Abben's employment did not end by "mutual agreement," but rather was the result of Brewer unlawfully restraining or assaulting her, is thus relevant to Brewer's truthfulness.  See Dkt. #32 at Exhibit 3.  For all these reasons, Exhibits 17 and 18 are relevant and admissible.

9. **Plaintiff's Exhibit 29**, the Determination issued at the conclusion of the EEOC's investigation, is not being offered for the truth of the matters asserted in the Determination, but rather to establish the date [July 22, 2008] it was issued.  For this purpose, it is not hearsay.  See Fed. R. Evid. 801(c) and 802.  It is being offered to show that even after its issuance, the hostile environment at the Pace workplace continued, and Mark Miller, whose actions formed a basis of the Determination, was still employed by Pace (with no evidence of discipline or any corrective

4

action having been issued) beyond the date of the Determination.  For these reasons, it should be admitted.

10. **Plaintiff's Exhibit 34** is relevant to the interim earnings of Mohammad Kaleemuddin, and also is relevant to rebut Defendant's accusation that Kaleemuddin was a poor employee and team member.  It is thus relevant and admissible.  See Fed. R. Evid. 401-403.  Pursuant to Fed. R. Evid. 807, it should not be excluded by the hearsay rule.

## CONCLUSION

11. For all the foregoing reasons, Defendant's Objections to Plaintiff's Trial Exhibits should be overruled.

Respectfully submitted,

 /s/ Timothy M. Bowne
Timothy M. Bowne
Attorney-in-Charge
Texas Bar No. 00793371
Southern Dist. of Texas No. 20023
Equal Employment Opportunity
      Commission
1919 Smith Street, 7th Floor
Houston, Texas 77002
(713) 209-3395
(713) 209-3402 [facsimile]

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of Plaintiff's Response to Defendant's Objections to Plaintiff's Exhibits was filed with the Court's ECF system on April 2, 2010, and through that system should be served on the following:

Dale M. Tingleaf
Attorney at Law
820 Gessner, Suite 1445
Houston, Texas 77024
Tingleaf@aol.com

>/s/ Timothy M. Bowne
>Timothy M. Bowne