**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | § § § | |
| **Plaintiff,** | § § | |
| | § | **CIVIL ACTION NO. 4:08cv2886** |
| **v.** | § § | |
| **PACE SERVICES, L.P.,** | § § | |
| **Defendant.** | § § | **JURY TRIAL** |

<u>**CONSENT DECREE**</u>

The Equal Employment Opportunity Commission ("Commission" or "EEOC") alleges that Defendant Pace Services, L.P. ("Pace") is legally responsible for unlawful discrimination which occurred at Defendant's former facility located at 14226 Huffmeister Road in Cypress, Texas. The Commission alleges that Defendant discriminated against Mohammad Kaleemuddin by subjecting him to an unlawful hostile environment based upon his national origin and his religion, and that Defendant's firing of Kaleemuddin was motivated by these unlawful bases, in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and Title I of the Civil Rights Act of 1991. The Commission also has alleged that Pace violated Title VII by subjecting other non-Anglo employees to an unlawful hostile work environment because of their race and/or national origin.

The parties stipulate to the jurisdiction of the Court and waive a hearing and the entry of findings of fact and conclusions of law.

It is therefore ORDERED that:

1.     This Consent Decree is entered in full and complete settlement of any and all claims arising out of or contained in this lawsuit, Civil Action No. 4:08cv2886, and in EEOC Charge Nos. 460-2007-02487, 460-2009-4402, 460-2009-4404, 460-2009-4405, 460-2009-4406, 460-2009-4407, and 460-2009-4408.

2.     Defendant shall not engage in any employment practice which violates Title VII by unlawfully discriminating against any individual because of such individual's national origin, religion, or race.

3.     Defendant shall not retaliate against any individual who opposes any practice made an unlawful employment practice by Title VII, or against any individual who has provided testimony or evidence related to this lawsuit or to the Charge of Discrimination upon which this lawsuit was based.

4.     Defendant agrees that any adverse employment recommendation that it might make concerning Mohammad Kaleemuddin or any other person who provides testimonial support for his claim and/or receives any compensation as a class member in this cause will raise a presumption of retaliation proscribed by paragraph 3, above.

5.     Within ten (10) days after a final settlement, a non-discrimination notice will be posted at Defendant's facility located at 7015 West Tidwell Road in Houston Texas.  The notice will be posted both in the office area and in the shed by the time clock, and shall remain posted in both locations for a period of two (2) years after the entry of this Consent Decree.  A copy of this notice is attached hereto as Exhibit "A."

6.     Within forty-five (45) days after the Court's entry of this Consent Decree, and every fifteen (15) months thereafter while the Consent Decree is in effect, all Defendant's

salaried employees shall receive training on employment discrimination laws.  The training shall include instruction on the investigation of employee complaints of any type of unlawful discrimination, including discrimination based on national origin, race, and religion.  Prior to such training sessions, the Houston District Office of the EEOC shall receive a copy of the training presentation outline.  Within ten (10) days after the completion of the training, the EEOC shall be provided with a sworn statement attesting to the date on which the training was completed, verification of attendance, and verification that all topics in the training presentation outline were covered; also, the EEOC will be provided with copies of forms -- signed by all salaried employees at the conclusion of the training -- acknowledging the supervisors' responsibility to protect employees from discrimination. The person who shall administer the training will be either attorney(s) or independent experienced training person(s) possessing at least five years of experience in labor and employment law.

7.     Defendant will pay SIXTY-ONE THOUSAND TWO HUNDRED FIFTY ($61,250.00) DOLLARS to Mohammad Kaleemuddin.  Within twenty (20) calendar days from the date of entry of this Decree, Defendant shall send a payment check in the amount of THIRTY THOUSAND ($30,000.00) to Mr. Kaleemuddin, whose mailing address the Commission will provide to Defendant.  Defendant also shall mail a copy of the payment check to the Commission at the following address:   Equal Employment Opportunity Commission, attn: Timothy M. Bowne, 1919 Smith Street, 7th Floor, Houston, Texas 77002.  The balance of the funds due to Mr. Kaleemuddin will be paid as set forth in the list referenced in paragraph 8, below.

8.     A class settlement fund of SIXTY-ONE THOUSAND TWO HUNDRED FIFTY ($61,250.00) DOLLARS will be established to compensate other current and former employees

for having experienced a hostile work environment. EEOC will have the sole discretion to determine how to distribute the class settlement fund. Under no circumstances will any portion of that settlement fund revert to Defendant. The claimants who will receive payments from this fund are as follows: Rene Hernandez, Fidel Martinez, Marcos Herrera, Carlos Alegria, David Lizama, Douglas Perla, Elmer Reyes, Pedro Campos, Alexis Lobo, Henry Cerna, Jose Henry Cortez, Philbert J. Baptiste, and Victor Fagian. Within ten (10) calendar days of the entry of this Consent Decree, EEOC will provide to Defendant a list of the respective amounts to be received by each claimant, the dates by which payments need to be made, and the respective mailing addresses to which the payments must be made. Within twenty (20) days of the entry of this Consent Decree, THIRTY ONE THOUSAND TWO HUNDRED FIFTY ($31,250.00) of this fund will be paid by Defendant to claimants, in the amounts directed by EEOC on the list referenced in the previous sentence.

9.     Of the settlement funds not disbursed within twenty (20) days of entry of this Decree, half the remaining balance (i.e., THIRTY THOUSAND SIX HUNDRED TWENTY-FIVE ($30,625.00)) will be due paid by March 15, 2011, and the other half of the remaining balance [again, THIRTY THOUSAND SIX HUNDRED TWENTY-FIVE ($30,625.00)] will be due paid by March 15, 2012. Payment of these amounts has been personally guaranteed by Joey M. "Dudley" Brewer. Should Defendant be more than ten (10) days late in making payment of any of the amounts set forth in paragraphs 7-9 of this Decree, the Commission has the right to require that the remaining balance be paid in full immediately; prior to exercising this right to require accelerated and full payment of any remaining balance, the Commission will give

4

Defendant at least five (5) days' written advance notice before petitioning the Court to enforce the Commission's rights granted by this paragraph.

10.     Defendant agrees to appoint a liaison who will provide additional information at the EEOC's request when the EEOC notes the information is needed to give reasonable effect to the Decree's objective(s).

11.     Defendant shall provide a letter of apology, signed by Dudley Brewer, to Mohammad Kaleemuddin. This letter will be sent to Mr. Kaleemuddin with the payment check.

12.     Defendant shall not provide Mohammad Kaleemuddin with a negative job reference.

13.     Defendant agrees that Mark Duane Miller shall not be eligible for re-hire with Defendant. Neither Defendant nor Dudley Brewer shall ever offer or provide Mark Duane Miller with employment in the future. Neither Defendant nor Dudley Brewer shall ever offer or provide Mark Duane Miller with a positive job reference in the future.

14.     Neither Defendant nor Dudley Brewer shall ever advise any other company or its representatives that Mohammad Kaleemuddin filed a charge against Defendant, participated in this lawsuit, or obtained any financial compensation from it as a consequence of the aforesaid Charge and/or lawsuit.

15.     During the term of this Decree, Defendant shall advise the Texas State unemployment program or its designee with timely notification of all available job positions.

16.     Every six months, the liaison or other designated Pace manager shall provide the Commission with a report that sets forth all of its activities within the previous six months directed to the satisfaction of any of the provisions of this Decree. That compliance report shall

also explain why any provisions have not been satisfied and what steps will be taken to assure compliance.  That report shall also include the names of all persons who have been hired by the company during the previous six month period as well as their race, national origin and ethnicity, job title, effective dates of hiring and termination, and, if terminated or no longer employed there, their respective names, social security numbers, last date of employment, reason(s) for termination, and last known address and telephone number(s).

17.     This Decree shall remain in effect for two (2) years from the date of signing. During those years, the Court shall retain jurisdiction to assure compliance with this Decree and to permit entry of such further orders or modifications as may be necessary or appropriate.

18.     The parties shall bear their own costs and attorney's fees.

19.     Should the EEOC or those on whose behalf it seeks financial recovery in this lawsuit believe that there has been a breach of this Consent Decree by Pace, the EEOC will give Pace's attorney of record notice of the alleged breach and allow 10 days time to remedy any noncompliance prior to contacting the Court unless it is a situation where a delay in seeking court enforcement may cause harm to the EEOC or claimants, except that if the alleged breach involves Defendant's not making a required payment ten (10) or more days after payment was due, the provisions of paragraph nine (9), supra, will be controlling.

Signed on this _20th_ day of ___April___, 2010.

_____
Stephen Wm Smith
United States Magistrate Judge

6

<u>**NOTICE**</u>
**<u>PURSUANT TO TITLE VII OF THE CIVIL RIGHTS ACT OF 1964,</u>**
**<u>and THE CIVIL RIGHTS ACT OF 1991</u>**

1.  Federal law requires that there be no discrimination against any employee or applicant for employment because of the employee's national origin, race, or religion with respect to compensation, hiring, promotions, or other terms, conditions or privileges of employment.  Name-calling or using nicknames related to an employee's national origin or religion could be a form of discrimination, depending in part on the frequency and severity of the comments.

2.  Pace Services supports and will comply with such Federal law in all respects and will not retaliate against employees who have exercised their rights under the law by filing charges with the Equal Employment Opportunity Commission (EEOC), providing information to the EEOC, and/or receiving a settlement of such charges.

3.  Any applicant or employee who wishes to complain of illegal discrimination is advised to report such complaint to his or her immediate supervisor, or to Dudley Brewer.  Also, employees who believe they have been subjected to illegal employment discrimination are encouraged to contact the Equal Employment Opportunity Commission ("EEOC") at 1919 Smith Street, Houston, TX 77002, (713) 209-3372.


SIGNED this _____ day of _____, 2010.


_____
Joey M. "Dudley" Brewer


This NOTICE shall be posted for two (2) years from date of signing.


**Exhibit "A"**

7